UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cr-00234-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| GREGORY MAXWELL PALMER, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Objections, (Doc. No. 34), to the Memorandum and Recommendation ("M&R") entered by the Honorable United States Magistrate Judge David S. Cayer on October 5, 2022, under 28 U.S.C. § 636 (b)(1), (Doc. No. 31), which recommended granting Defendant's Motion to Dismiss Count Two, (Doc. No. 15), and denying Defendant's Motion to Dismiss for Preindictment Delay, (Doc. No. 17). After reviewing Defendant's Objections, the Court directed the Government to file a response, (Doc. No. 37), and the Government responded accordingly, (Doc. No. 39). Defendant filed a reply brief, (Doc. No. 40). This matter is ripe for ruling, and for the reasons that follow, the Court OVERRULES Defendant's Objections, ADOPTS the M&R, and GRANTS Defendant's Motion to Dismiss to the extent it seeks dismissal of Count Two[1] and DENIES Defendant's Motion to Dismiss to the extent it seeks dismissal of Count One.

As an initial matter, the Court declines Defendant's invitation to disregard as untimely the Government's response in in opposition to the Objections at bar. Pursuant to LCrR 47.1(d), "Unless otherwise directed by the Court, the government must respond to all potentially dispositive

---

[1] The Government did not object to this portion of the M&R, and the Court finds no clear error in that recommendation.

1

defense motions in a criminal case. Examples include motions to suppress and motions to dismiss the indictment." Local Criminal Rule 47.1(e) provides the time frame for a response: "*Unless otherwise directed by the Court*, responses to motions, if any, must be filed within seven (7) days of the date on which the motion is served." (Emphasis added). The plain language of "unless otherwise directed by the Court" is dispositive on this issue. Although the Government did not file a response to Defendant's Objections within seven days after service, the Government filed its response as "directed by the Court;" that is, by December 5, 2022. (See Doc. Nos. 37, 39). Furthermore, the application of the local rules is within the discretion of the Court, as Rule 1.1 of the Local Rules Governing Criminal Cases makes clear: "They are not intended to bind any judicial officer to any particular course of action or result. Each judicial officer retains the discretion to apply the Local Criminal Rules in a manner consistent with the demands of the case." See also U. S. Fid. & Guar. Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir. 1964) ("A court is, of course, the best judge of its own rules."), cert. denied, 379 U.S. 869 (1964). This Court has a pattern of leniency to waive strict adherence to briefing deadlines in favor of a strong preference for resolving disputed issues on the merits as opposed to procedural technicalities. This is particularly true in criminal cases where the Court finds—as is the case here—that briefing on an issue this Court is bound to consider would be helpful to the Court. For these reasons, the Court, in its discretion, will consider the Government's response brief.

Turning to the merits of Defendant's arguments, Defendant has not objected to any of the Factual Background portion of the M&R, and the Court finds no clear error in that section and therefore adopts and incorporates by reference the factual findings within the M&R. (Doc. No. 31, pp. 2-3). In short, the alleged federal offense of providing false and fraudulent information as

2

to material facts about Defendant's criminal history in his Application for Naturalization occurred in 2011; Defendant plead guilty to the underlying attempted statutory rape charge in 2013: and the Government indicted Defendant for violation of 18 U.S.C § 1425(a) in 2021.  The parties agree the Government brought this charge within the applicable limitations period; however, Defendant argues dismissal is appropriate because the M&R erroneously concluded that Defendant has not carried his heavy burden to show actual prejudice by the preindictment delay of eight years.

The Fifth Amendment to the United States Constitution requires dismissal of an indictment where it is shown that the government's pre-indictment delay substantially prejudiced the defendant's right to a fair trial.  United States v. Garcia, 432 F. App'x 248, 250 (4th Cir. 2011); see also Jones v. Angelone, 94 F.3d 900, 906 (4th Cir. 1996) ("The Supreme Court has repeatedly emphasized that, in order to establish a due process violation, the defendant must show that the delay caused him actual prejudice in presenting his defense." (collecting cases)).  In Jones, the Fourth Circuit explained,

> For purposes of the Due Process Clause, as long as the indictment is brought within the statute of limitations, we will not presume that the defendant has been prejudiced by delay between commission of the offense and arrest or indictment. It is incumbent upon the defendant, if he is to prevail upon such a claim, to establish that he has been so prejudiced.

94 F.3d at 907.  A showing of substantial and actual prejudice "is a heavy burden because it requires not only that a defendant show actual prejudice, as opposed to mere speculative prejudice, but also that he show that any actual prejudice was substantial—that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected."  Id. (citations and quotations omitted).

To some extent, Defendant's arguments seem to hinge on when the Government became aware of his state charges and its decision to not charge him prior to his entry of a guilty plea in state court. Defendant contends this eight-year delay rebuts the presumption no actual prejudice occurs if a charge is brought within the statute of limitations. Defendant's argument, however, is contrary to applicable law requiring a showing of substantial, actual prejudice. Jones, 94 F.3d at 907. Furthermore, even accepting Defendant's argument that the Government knew about Defendant's state charges in 2013, Defendant has not made *any* showing of improper prosecutorial or Government motive or fundamental unfair treatment by the Government under the circumstances of this case. See, e.g., U.S. v. Lovasco, 431 U.S. 783 (1977); Howell v. Barker, 904 F.2d 889 (4th Cir. 1990).

Turning to Defendant's other objections, he argues substantial, actual prejudice exists because "the delay resulted in an unavailable key witness, a likely increased guidelines range, denial of timely appointment of federal counsel, and oppressive incarceration and interference with Mr. Palmer's rehabilitation." (Doc. No. 34, p. 2). The Court addresses these in turn.

As to Defendant's argument that his mother's death and resulting inability to testify actually prejudices him, the Jones case is instructive:

> When the claimed prejudice is the unavailability of witnesses, as here, courts have generally required that the defendant identify the witness he would have called; demonstrate, with specificity, the expected content of that witness' testimony; establish to the court's satisfaction that he has made serious attempts to locate the witness; and, finally, show that the information the witness would have provided was not available from other sources.

94 F.3d 900 at 908. Defendant identifies his mother, now deceased, as the witness he is unable to call due to the preindictment delay and he indicates she would have provided corroborating testimony about his ability to knowingly make false statements. Defendant, however, has not

4

shown that the substance of his mother's testimony is unavailable from another source. Indeed, Defendant has forecasted calling an expert witness to testify as to Defendant's intellectual functioning and language disorder. As the M&R concluded, Defendant's claim of prejudice because of his mother's inability to testify appears speculative. See United States v. Lynch, 1995 WL 325670, at *4 (4th Cir. 1995).

Defendant also argues denial of timely appointment of federal counsel hindered his ability to prepare a defense to the current charges because the Government allegedly concealed its investigation and prosecution for more than eight years. Defendant argues counsel could have advised him of the consequences that any state conviction would have on his federal prosecution and future immigration status. According to Defendant, this "prejudice" flows directly from the government waiting to charge him until after his guilty plea. However, the Government was not required to indict him before he pled guilty to the state criminal charges. Additionally, Defendant does not even speculate how such an investigation could have assisted him in his defense. Defendant has failed to show that further investigation involving other witnesses or documents is required into the veracity of the statements he made on his application for naturalization and therefore the passage of time has not affected this issue.

Defendant also argues he is "likely" subject to a higher guidelines range than if he had been indicted in 2012 or 2013, and that he is subject to deportation. (Doc. No. 40, p. 6). As to deportation, that consequence would have been as true the day after his guilty plea as it is today. Moreover, regarding his sentencing, if convicted, Defendant has the option of seeking a downward departure or variance, and he can assert the arguments regarding the appropriate sentencing range at that time.

5

Finally, Defendant argues the delays have caused "oppressive" pretrial incarceration and have negatively impacted his rehabilitation. Defendant contends he believed he would be able to complete state programs that would aid in his rehabilitation, that he would be released from state custody upon completion of his sentence, and he did not know that his state conviction would lead to his deportation. His incarceration in a federal facility for conduct alleged to have occurred many years ago has disrupted his rehabilitative state programs, has caused him much anxiety, and has "undermine[d] . . . [his]successful rehabilitation" according to Defendant. As my colleague has concluded in rejecting this argument, "This 'negative impact' on [Defendant's] rehabilitation, however real it may be, still does not in any way prejudice his ability to mount an effective defense in this case." Vongphakdy, 2021 WL 6197630, at *4.

In short, Defendant's "[v]ague and conclusory allegations of prejudice resulting from the passage of time and the absence of witnesses are insufficient to constitute a showing of actual prejudice stemming from preindictment delay." Angelone, 94 F.3d at 909. Finally, even if Defendant met his heavy burden of showing that actual prejudice occurred because of pre-indictment delay, the Government's prosecution does not violate "fundamental conceptions of justice" or "the community's sense of fair play and decency." Defendant has been charged within the statute of limitations, which is the primary safeguard against prejudicial pre-indictment delay. Betterman v. Montana, 578 U.S. 437, 136 S.Ct. 1609, 1613 (2013). Additionally, there is no evidence to suggest the government deliberately delayed the prosecution for tactical gain. Jones, 94 F.3d at 905. Lastly, given the nature of the evidence against Defendant, the passage of time has not improved the Government's case or detrimentally affected Defendant's defense. Therefore, notions of justice, fair play and decency are not offended by this prosecution.

6

IT IS THEREFORE ORDERED that Defendant's Objections are OVERRULED, the M&R is ADOPTED, and Defendant's Motion to Dismiss Count Two, (Doc. No. 15), is GRANTED and Defendant's Motion to Dismiss for Preindictment Delay, (Doc. No. 17), is DENIED.

TAKE NOTICE that a hearing on all pending pretrial motions, including Doc. Nos. 43, 44, 47, and 48, will take place at 10:00 a.m. on January 9, 2023, in Courtroom #5B of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, NC 28202.

IT IS SO ORDERED.

Signed: December 22, 2022

Frank D. Whitney
United States District Judge