# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CR-00234-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **MEMORANDUM AND RECOMMENDATION** |
| GREGORY MAXWELL PALMER, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss for Violations of the Speedy Trial Act" (filed under seal), Doc. 71, and Defendant's "Motion to Dismiss Indictment for Violations of Speedy Trial Rights Under the Sixth Amendment" (filed under seal), Doc. 72, and the parties' associated briefs and exhibits, Docs. 19, 20, 22 and 23.

These Motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are now ripe for consideration.

Having fully considered the record and counsel's submissions, the undersigned respectfully recommends that Defendant's Motion to Dismiss for Violations of the Speedy Trial Act be <u>denied</u> and Defendant's Motion to Dismiss Indictment for Violations of the Speedy Trial Rights Under the Sixth Amendment also be <u>denied</u>, as discussed below.

## I. FACTUAL BACKGROUND

A detailed factual background of this case can be found in the Court's Memorandum and Recommendation entered on October 5, 2022. See Doc. 31.

## II. DISCUSSION

### A. Motion to Dismiss for Violations of The Speedy Trial Act

The Speedy Trial Act requires that a defendant who enters a plea of not guilty following arrest on a federal charge be brought to trial within seventy days of his initial appearance or indictment, whichever is later. 18 U.S.C. §§ 3161(c)(1), 3162(a)(2). If the defendant is not brought to trial within this seventy-day period, the Act requires that the indictment be dismissed either with or without prejudice. 18 U.S.C. § 3162(a)(2). Certain time periods are not counted toward the seventy-day limit. Among the periods of excludable delay are:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; . . .
> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable…
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court

18 U.S.C. § 3161(h)(1). Defendant bears the burden of proving a Speedy Trial Act violation. 18 U.S.C. § 3162(a)(2).

Defendant argues that the Court should dismiss the Indictment with prejudice because more than seventy non-excludable days have elapsed and the Government has failed to bring him to trial. He argues that sixty-six days of non-excludable time elapsed between his arraignment on February 11, 2022 and the Court's first continuance Order on April 18, 2022[1]. Defendant further

---

[1] Defendant acknowledges in his Reply Brief, Doc. 80, that "[a]fter further research and consideration, the defense agrees with the government's assessment that 62 non-excludable days elapsed between Mr. Palmer's arraignment and this Court's first continuance Order."

argues that since it took longer than ten days to transport him for a competency evaluation after issuance of the Court's Order that the additional time is unreasonable and non-excludable under the Speedy Trial Act. The Court disagrees that more than seventy non-excludable days have elapsed.

Defendant was indicted on February 11, 2022. The date that triggers the Speedy Trial Act is not included in the calculation. United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996). The first non-excludable day was February 12, 2022 and the clock started ticking at that time. The clock ran until April 15, 2022, when Defendant filed an unopposed motion to continue the trial. See Doc. 11. The day that Motion was filed is also not included in the Speedy Trial Act calculation. Stoudenmire, 74 F.3d at 63. The clock was also tolled between April 15, 2022 and April 18, 2022, while the Defendant's first motion to continue was under advisement with the Court. 18 U.S.C. § 3161(h)(1)(D). Thus, sixty-two non-excludable days ran on the Speedy Trial Act clock from February 12, 2022 through April 14, 2022- not the sixty-six days alleged by Defendant.

Subsequent motions to continue by Defendant were granted and resulted in a trial setting for the January 9, 2023 trial term. The Speedy Trial Act clock was tolled during all these extensions. See Docs. 13, 14, 25, 26, 32, 33.

On December 15, 2022, Defendant filed a Notice of Intent to Present Expert Testimony as to his mental condition (language disorder and borderline intellectual functioning). See Doc. 45. On December 27, 2022, the Government moved for a competency evaluation and argued that Defendant's pleadings—including the Notice of Intent to Present Expert Testimony and the Motion to Suppress—have called his competency to stand trial into question. See Doc. 57. On January 4, 2023, Judge Whitney granted the Government's Motion for a competency evaluation and found

> reasonable cause exists to believe Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. The Court GRANTS the Motion, and Defendant shall be examined to determine whether he is competent to stand trial pursuant to 18 U.S.C. § 4241(b)… Defendant's pleadings filed December 15, 2022, and the Government's responsive pleadings and related motions filed December 27, 2022, raise significant issues that must be resolved prior to trial in this matter and—in light of the rulings herein—a trial setting of January 16, 2023, is premature. Accordingly, the ends of justice are served by a continuance of the trial date and outweigh the best interests of the public and Defendant in a speedy trial. Trial in this matter shall be continued to the Court's trial term beginning March 13, 2023.

Doc. 67. On January 8, 2023, Defendant filed a Motion for reconsideration of the Court's January 4, 2023 Order. Defendant argued that he was competent to proceed and the Court should deny the Government's Motion for competency evaluation, set the trial for January 16 through 20, 2023, or alternatively, hold a hearing on the matter. See Doc. 68. On January 26, 2023, Judge Whitney issued an Order setting a hearing on Defendant's Motion for Reconsideration for February 23, 2023 and staying his Order granting the competency evaluation. See Doc. 70.

On February 23, 2023, Judge Whitney held a hearing and found that Defendant was competent and orally advised the parties that the case would be called on March 13, 2023. The Court would conduct a pretrial conference resolving any outstanding motions and a jury would be empaneled on March 14, 2023.

Section 3161(h)(1)(A) expressly excludes any delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." Therefore, the time between December 27, 2022 when the Government's Motion for a Competency Determination was filed (during a time when the Speedy Trial Act clock was already tolled) through Judge Whitney's February 23, 2023 determination of Defendant's competency is excludable time.

Additionally, on December 15, 2022, Defendant filed a Motion to Suppress statements he made to Detective Arthur Fleming of the Gastonia Police Department. He made these statements during a phone call with Detecting Fleming and later when he self-surrendered in Gastonia. See Doc. 47.  The filing of this Motion (during a time when the Speedy Trial Act clock was already tolled), also triggered tolling of the Act.  The Motion is set for hearing before Judge Whitney on March 13, 2023. Section 3161(h)(1)(d) expressly excludes any delay "from the filing of the motion through the conclusion of the hearing on such motion or other prompt disposition of, such motion." Therefore, the time period from December 15, 2022 through the present is excludable under the Speedy Trial Act.

As a result, the period from April 14 through the present day is excludable under the Speedy Trial Act. The Court continued the trial date throughout this period, on each occasion finding that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). At most, only sixty-two non-excludable days have run under the Speedy Trial Act and the clock is tolled until the March 13, 2023 trial date.

**B. Motion to Dismiss for Violations of Speedy Trial Rights Under the Sixth Amendment**

The Sixth Amendment grants defendants "the right to a public and speedy trial." U.S. Const. amend. VI. This provision is invoked after "arrest, indictment, or other official accusation." Doggett v. United States, 505 U.S. 647, 655 (1992). In analyzing violations of a defendant's Sixth Amendment rights, the court looks to four factors: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Id. at 651 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).

### 1. Uncommonly Long Delay

First, the court must assess whether the time between "accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Barker, 470 U.S. at 530–31. The threshold to establish presumptive prejudice is one year. See United States v. Hall, 551 F.3d 257, 271 (4th Cir. 2009). Once this showing is satisfied, the court considers the other Barker factors.

Defendant argues, and the Government does not dispute, that sixteen months have elapsed since his indictment. The Government acknowledged in August 2022 that this case is "factually and legally simple." Doc. No. 77, at 6 n.4. Since the time between Defendant's indictment and trial crosses the one-year threshold, the Court finds the delay is presumptively prejudicial and warrants review of the remaining factors. See United States v. Woolfolk, 399 F.3d 590, 597 (4th Cir. 2005) (finding a seven-month delay in a non-complex case to be presumptively prejudicial).

### 2. Blame for the Delay

The second factor looks at where blame lies for the delay. The "reasons for a trial delay should be characterized as either valid, improper, or neutral." Hall, 551 F.3d at 272. The Court finds the delay in this case to be improper and attributable to the Government.

Defendant argues that the four continuances resulted from the Government's delays in producing discovery. It failed to produce all relevant discovery until November 15, 2022 – thirteen months after Defendant's indictment and five months following his request for discovery. After Defendant was indicted in September 2021, the Government waited nearly four months to writ him to federal court. Finally, after filing his Assertion of Speedy Trial Rights, where he "object[ed] to any further continuance of the jury trial date" and requested "that the Court promptly dispose of

the pretrial motions and/or promptly set hearings," the Government, over Defendant's objection, filed a Motion to evaluate his competency to stand trial. Doc. No. 57, 61.

Accordingly, this factor weighs in favor of Defendant.

### 3. Assertion of Right

The third factor looks to whether Defendant has asserted his right to a speedy trial. "In circumstances where a defendant does assert his right, such assertion 'is entitled to strong evidentiary weight in determining whether [he] is being deprived of the right.'" United States v. Crawley, No. 1:14-CR-197-1, 2015 WL 2248174, at *3 (M.D.N.C. May 14, 2015) (quoting Barker, 407 U.S. at 531–32) (alteration in original).

It is undisputed that Defendant timely asserted his right to a speedy trial through his "Notice and Assertion of Speedy Trial Rights under the Speedy Trial Act and Sixth Amendment." Doc. No. 48. This factor weighs in Defendant's favor.

### 4. Resulting Prejudice

The fourth factor examines any prejudice resulting from the delay. In Hall, the Fourth Circuit identified three interests to be considered: "(1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." Hall, 551 F.3d at 272. "The last interest is the most serious, 'because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" Crawley, 2015 WL 2248174, at *4 (quoting Barker, 407 U.S. at 532). Prejudice "is a prime issue and a critical factor." United States v. Lozano, 962 F.3d 773, 781 (4th Cir. 2020).

Defendant has not met the elements under Hall. He points to the fact that he was assaulted in custody and his rehabilitative programs were disrupted. But these allegations fall short of establishing oppressive pretrial incarceration. Defendant was already in state custody serving a

term of 157–198 months for his conviction on a sex offense. Defendant's allegations of anxiety over his possible deportation also fall short. Most significantly, Defendant has failed to show that his ability to adequately prepare his defense has been impaired. The Court affords the most weight to this final factor.

Since Defendant suffered no prejudice from the delay, the Court finds the Barker factors weigh more heavily in favor of the Government. Therefore, Defendant's rights under the Sixth Amendment were not violated.

For those reasons, the undersigned respectfully recommends that Defendant's "Motion to Dismiss Indictment for Violations of Speedy Trial Rights Under the Sixth Amendment," Doc. No. 72, be denied.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss for Violations of the Speedy Trial Act" (filed under seal), Doc. 71, be **DENIED** and Defendant's "Motion to Dismiss Indictment for Violations of Speedy Trial Rights Under the Sixth Amendment" (filed under seal), Doc. 72, be **DENIED**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such

objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED**.

Signed: March 9, 2023

David S. Cayer
United States Magistrate Judge